

**FILED & ENTERED**

**MAR 17 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>4324 S. Vermont LLC<br><br><br><br>Debtor(s). | Case No.: 2:25-bk-11371-BB<br><br>CHAPTER 11<br><br>**ORDER DENYING EMERGENCY MOTION FOR A STAY PENDING APPEAL OF ORDER DISMISSING BANKRUPTCY CASE**<br><br>(No hearing required) |

The Court having reviewed the Debtor and Debtor-in-Possession's March 14, 2025 Emergency Motion for Stay Pending Appeal of the Court's March 10, 2025 Order Granting Emergency Motion to Dismiss Case (the "Emergency Motion") and the opposition to the Emergency Motion filed by Creditor, Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but Solely as the Trustee for Residential Mortgage Aggregation Trust, hereby makes the following findings of fact and conclusions of law:

1. In evaluating a motion for a stay pending appeal, a court should evaluate the following factors:

      a. Whether the movant has made a strong showing that it will succeed on the merits of its appeal;

      b. Whether the moving party will be irreparably injured absent a stay;

      c. Whether issuance of the requested stay will substantially injure the other parties interested in the outcome of the appellate proceedings; and

      d. How the public interest is implicated.

2. Under the "sliding scale" approach used by Courts in the Ninth Circuit, a weak showing on one factor may be offset by a strong showing on other factors; however, the movant must nevertheless satisfy all four factors.

3. The debtor has not carried its burden of proof with regard to the Emergency Motion as the debtor has no prospect whatsoever of prevailing on the merits of its appeal.

4. Caselaw in the Ninth Circuit is clear and unambiguous, and debtor does not dispute, that state law determines who has authority to file a bankruptcy case on behalf of a given entity. And, although there is caselaw to support the proposition that an injunction prohibiting a given entity from filing bankruptcy may not be enforceable, there is no authority for the proposition that a bankruptcy court may ignore unambiguous provisions in a state court order vesting a receiver with the sole or exclusive authority to commence a bankruptcy case on behalf of an entity.

5. Although the Supremacy Clause of the United States Constitution makes federal law supreme in the event of a conflict between state and federal law, there is no conflict or inconsistency here, as the Bankruptcy Code relies upon state law to determine who has the authority to file a voluntary bankruptcy case. See In re Sino Clean Energy, Inc., 901 F.3d 1139, 1142 (9th Cir. 2018), aff'g Sino Clean Energy, Inc., 565 B.R. 677 (D. Nev. 2017) (rejecting preemption argument and finding that a state court receivership

order can prevent a corporation's directors from filing bankruptcy); see also <u>Chitex Comm. v. Kramer</u>, 168 B.R. 587, 589-90 (S.D. Tex. 1994); <u>In re Statepark Bldg. Group, Ltd.</u>, 316 B.R. 466, 471-72 (Bankr. N.D. Tex. 2004); <u>El Torero Licores v. Raile (In re El Torero Licores)</u>, 2013 U.S. Dist. LEXIS 179953, 2013 WL 6834609 at *5-6 (C.D. Cal. Dec. 20, 2013), all of which stand for the proposition that a state court can dictate who has authority to file a petition on behalf of an entity debtor because that question is governed by state law.

6. Therefore, when a state court order grants a receiver the exclusive authority to commence a bankruptcy case on behalf of a given entity, a voluntary bankruptcy case filed by anyone else on behalf of that entity must be dismissed as having been filed without appropriate corporate authority (unless the receiver decides to ratify the filing, which has not occurred here).

7. The debtor does not dispute that the Los Angeles Superior Court, case no. 24STCV13591, vested sole and exclusive authority in the appointed receiver, Kevin Singer, to file a bankruptcy petition on behalf of 4324 S. Vermont LLC in June and/or July of 2024. The debtor did not appeal that order and did not obtain a stay pending appeal of that order. Therefore, that order is binding on this Court and the debtor's prior management did not have the authority to commence the above-entitled bankruptcy case.

8. The debtor contends that it will be irreparably harmed if a stay pending appeal is not granted because the real property sale scheduled to occur on March 18, 2025 will be for less than the property's market value, but the debtor has not provided any evidence to support this contention or any evidence to suggest that the receiver failed to market the property adequately or has turned away any party interested in bidding on or paying more for the property.

Case 2:25-bk-11371-BB    Doc 35    Filed 03/17/25    Entered 03/17/25 14:46:34    Desc
Main Document    Page 4 of 4

9. Moreover, imposing a stay pending appeal here would prejudice the secured lender who has gone to great lengths to protect its interest in the property and that of the prospective purchaser who would be precluded from moving forward with its purchase of the property.  And, if the public interest is implicated at all in this case, it is hard to see how permitting a party who is not authorized to commence a bankruptcy to nevertheless remain in bankruptcy would serve the public interest.

10. As the order of which the debtor seeks a stay is an order dismissing this chapter 11 bankruptcy case, the grant a stay pending appeal would mean that, pending the outcome of the appeal, the case would remain in chapter 11.  And it would be the receiver and not the debtor's former management who would have the authority to operate as a debtor in possession in that case.  (On these facts, the Court is unlikely to order a receiver to return possession of the property to the debtor former management.)  This is not what the debtor wants in any event.  The debtor's former management wants to be able to operate the debtor in bankruptcy.  If that is what the debtor wants, it should have appealed the order(s) giving the receiver the sole and exclusive authority to file a bankruptcy petition on the debtor's behalf, which it failed to do.

In light of the foregoing, **IT IS HEREBY ORDERED** that the Emergency Motion is denied.

###

Date: March 17, 2025

Sheri Bluebond
United States Bankruptcy Judge